35 C.C.P.A.(Patents)

### Application of BRANDWOOD.
### Patent Appeal No. 5337.

Court of Customs and Patent Appeals.

Nov. 17, 1947.

Watson, Cole, Grindle & Watson, of Washington, D. C. (Harold F. Watson, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Judge.

All the claims of appellant's application for a patent relating to "Mercerising and Lustreing of Textile Fibres" were rejected by the Primary Examiner of the United States Patent Office and upon appeal to the Board of Appeals the examiner's decision was affirmed. Appellant has here appealed for a review of the board's decision.

The claims on appeal are numbered 12, 13 and 14. Claim 12 is regarded as sufficiently illustrative for present purposes and follows:

"12. As a process for the mercerizing and lustreing of a continuous length of material composed of textile fibres having twist therein, coil-winding such continuous length upon a perforated holder in successive coil-layers *with a degree of winding tension which causes the interlocked and twisted fibres to draw each other mutually and impart a stretch and strained effect to the fibres so far as their twist permits,* the fibres of one wound coil-layer being held in the course of winding by the equally treated and strained fibres of a succeeding wound layer of the material; passing the mercerising and subsequent liquors through the wound textile package by differential pressure; and drying." [Italics ours.]

The alleged invention relates to a method of mercerizing and lustering a continuous length of twisted textile fibres, such as a roving (i. e., a loosely twisted filament of cotton fibres which has about two twists per inch of length and is produced on a "roving frame" as a preliminary step in the production of yarn) or yarn by winding the length of fibres upon a perforated holder with sufficient winding tension to stretch it as far as the degree of twist permits, each layer of fibres thereby being held in position by each succeeding layer. Then the mercerizing and subsequent liquors are passed through the wound textile package by differential pressure and the process is completed by drying.

The references relied upon are as follows: Brandts (British) 459 Apr. 7, 1900; Mather et al. 824,255 June 26, 1906; Abbott 1,746,509 Feb. 11, 1930.

The British patent relates to "the bleaching, dyeing, mercerizing, and like treatment of slubbings and rovings in the wound condition." Brandts avoids the mercerizing on the bobbin, since this would destroy or injure the bobbin, and teaches the winding of the roving upon a casing which may be smooth or perforated and which is "drawn tightly over the body of the bobbin."

Mather et al. disclose winding yarn or unspun cotton tightly on a perforated core simultaneously with a sheet of flexible pervious material, such as fine wire gauze, washing, dyeing, bleaching, or other liquors and then passing the mercerizing and through the wound textile package by differential pressure, and drying.

Abbott teaches the winding of "slivers" (i. e., unspun textile strands) "substantially devoid of permanent twist" onto a perforated holder with sufficient winding tension to bring the fibres into more or less parallel relation and to straighten normally curly or wavy fibres. The treating liquors are then passed through the wound textile package by differential pressure and thereafter the material is dried.

Mather et al. state in their specification, "The material to be treated is wound tightly about the perforated core * * * simultaneously with a sheet * * * of flexible pervious material, * * * so that the material under treatment alternates with a layer of the pervious material and is compressed between the layers of the latter."

In applying the references, the examiner rejected claim 12 as lacking invention over Brandts in view of Abbott, stating that "Brandts appears to be lacking in two respects, namely (1) in not specifying any degree of winding tension, and (2) in not specifying the use of differential pressure in applying the mercerizing liquor." The examiner held that the winding tension specified in the claim was insufficient to impart patentability in view of Abbott, and that the use of differential pressure in applying the mercerizing liquor was not inventive in view of either Abbott or Mather et al.

Claim 12 was further rejected by the examiner on Mather et al. in view of Abbott.

We think Mather et al. teach that the material to be worked upon should be wound with tension. Obviously it could only be wound with such a degree of tension as the nature of the material would withstand. The weakness of such practically untwisted material was well understood in the prior art. However, Abbott plainly states that the sliver is "tensioned while winding sufficiently to straighten its constituent fibres."

It is frankly admitted by appellant in the instant case that the novelty of his claimed invention rests in the portion we have italicized in the above quoted claim 12. We think this claim was properly rejected upon the references as applied by the examiner and the board.

Claim 13 was rejected on the same grounds as claim 12 and is distinguishable from claim 12 only in that it is narrowed by the phrase, "but prior to the imparting thereto of spinning twist." We agree with the Patent Office tribunals that this claim defines nothing inventive over the prior art.

Claim 14, according to the statement of the examiner, differs from claim 12 only in that it is limited to the treatment of fully spun yarns. The examiner held that Mather et al. disclose the treatment of yarns and that applying the Brandts process to yarns instead of rovings did not involve invention.

The examiner also pointed out that claim 14 was not readable on the elected species. He saw fit, however, to pass upon its patentability and appellant has, by his reasons of appeal, questioned the action of the board in affirming the final rejection by the Primary Examiner on the ground of estoppel as well as questioning the holding with regard to the merits of claim 14.

Ordinarily, claims of a non-elected species are not before this court upon appeal because they have had no consideration upon their merits. In the present instance claim 14 has been considered upon its merits and, under the particular circumstances of this case, we see no reason why it should not have been considered and we are of the same view as the board that,

for the reasons stated, claim 14 was properly rejected on the prior art.

No cited authorities are relied upon by appellant 'and citation and consideration of authorities are regarded as unnecessary to the decision of the issue presented here.

The decision of the Board of Appeals is affirmed.

Affirmed.